It is not certain that the jury could not infer that the clerk was the agent of the plaintiff for accepting the delivery of the bond, although it be not strictly in the form required by the statute. The purpose of giving it is obvious from its terms. It was intended to have the same operation as one which conformed to the act of Assembly; and it is no great stretch to presume that the chairman of the court authorized the clerk to accept any obligation made to secure the faithful administration of the assets. But this case does not depend upon (387) the agency of the clerk; if he be a stranger, the bond was the deed of the obligors at the time of the plea, as the obligee had not before that time refused it. That is the rule laid down by Lord Coke inButler and Baker's case, 3 Rep., 28, and again in Whelpdale's case, 5 Rep., 119. It is founded on the presumed assent of the party to whom the deed is made, from the advantage accruing to him under it. There is a very strong case of the application of this principle. If a deed be made to a married woman, she can neither expressly assent or dissent *Page 315 
during her coverture. She has not capacity for either, but may dissent when she becomes discovert, which avoids the deed ab initio. Yet in the mean while the deed operates and vests the title in her, because the law presumes for her benefit that she will assent when she can — at all events, until it be refused, it is a deed. The case of Fitts v. Green,ante, 291, was decided upon the ground that the bond was not complete; that is, that it was not what all the parties intended it should be, before it was delivered by one or accepted by the other. Something more was to have been done, and therefore, without express evidence of delivery in the state in which it then was, none could be presumed.
PER CURIAM. Judgment reversed.
Cited: Vanhook v. Barnett, 15 N.C. 271; Creech v. Creech, 98 N.C. 158;Robbins v. Rascoe, 120 N.C. 81; Buchanan v. Clark, 164 N.C. 63;Lynch v. Johnson, 171 N.C. 612.